FILED

JUNE 2, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| COLONY NATIONAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:09-CV-005-J |
| SPECIALTY TRAILER LEASING, INC., | § § | |
| Defendant. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Colony National Insurance Company's ("Colony") *Motion for Summary Judgment*, filed on April 8, 2009.  This motion is GRANTED.

### BACKGROUND

Colony brought this is action for declaratory judgment to determine whether Colony has a duty to defend and indemnify Defendant Specialty Trailer Leasing, Inc. ("Specialty") under a policy of liability insurance issued by Colony to Specialty against the claims and potential claims raised in three separate lawsuits.  Specialty is in the business of leasing various types of trailers that are used to transport industrial gases—including liquid oxygen, nitrogen, carbon dioxide, helium and argon.  The underlying lawsuits arise out of an accident aboard a ship known as the *Madeleine*.  It is alleged that on May 20, 2008, three dock workers, Hayman Sooknanan, James Cason, and Robert Dutertre, Jr. (the "Underlying Plaintiffs") were working aboard the *Madeleine*. On orders of the port captain, Sooknanan went into the cargo hold to investigate a "tanktainer" owned by Specialty that was stored there.  When Sooknanan did not quickly emerge from the hold, Cason went in to investigate.  Dutertre followed Cason into the cargo hold. It is

alleged that argon gas was leaking from the tanktainer, and when Sooknanan, Cason, and Dutertre each went into the cargo hold, they were fatally asphyxiated as the argon gas displaced the air in the ship's hold.

At issue is whether the general liability insurance policy (the "Policy") issued by Colony to Specialty provides coverage for these claims.  The Policy includes an exclusion for bodily injuries resulting from the "actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'hazardous materials' at any time."  According to the Policy, "hazardous materials" are "pollutants, lead, asbestos, silica and materials containing them."   "Pollutants" are defined to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." The terms "irritant" and "contaminant" are not defined in the Policy.

Colony moves for summary judgment, arguing that the allegations made by the Underlying Plaintiffs against Specialty are clearly for damages that would not have occurred without the involvement of hazardous materials, which includes "pollutants", as that term is defined in the Policy.  Specialty disputes this, claiming that argon gas, being a naturally-occurring element present in the air we breathe, is not a pollutant.

### Summary Judgment Standard

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the movant carries this burden, then the burden shifts to the nonmovant to show

that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *quoting Celotex Corp.*, 477 U.S. at 323. The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

### DISCUSSION

When a court interprets an exclusionary clause, it "must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Evanston Ins. Co. v. ATOFINA Petrochemicals*, *Inc.*, 256 S.W.3d 660, 668 (Tex. 2008). "Exclusions are narrowly construed, and all reasonable inferences must be drawn in the insured's favor." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 370 (5th Cir.2008)

Texas courts construe insurance contracts under the same rules applicable to contracts generally. *Nautilus Ins. Co. v. Country Oaks Apts., Ltd.,* 2009 WL 1067587 at *2 (5th Cir. April 22, 2009), citing *Nat'l Union Fire Ins. Co. v. CBI Indus*., *Inc*., 907 S.W.2d 517, 520 (Tex. 1995). This Court's "primary goal, therefore, is to give effect to the written expression of the parties' intent." *Nautilus*, 2009 WL 1067587 at *2 citing *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998). "[T]he parties' intent is governed by what they said, not by what they intended to say but did not." *Nautilus*, 2009 WL 1067587 at *2.

Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the Policy. *Merchants Fast Motor Lines,* 939 S.W.2d at 141.  Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor. *Id.*

### THE POLICY

A strikingly similar case was recently decided by the Fifth Circuit Court of Appeals.  In *Nautilus Ins. Co. v. Country Oaks Apts., Ltd.,* the Fifth Circuit analyzed a comparable exclusionary policy.  *Nautilus*, 2009 WL 1067587 at *1.  There, an apartment complex ("Country Oaks") purchased a general liability policy from Nautilus Insurance Company ("Nautilus"). Some time during the policy period, apartment workers accidentally blocked the vent to the furnace in several apartments.  The underlying plaintiff in that case was a resident of one of these apartments who was pregnant at the time.  Her child was born with a number of

difficulties which were attributed by to the *in utero* exposure to the carbon monoxide which accumulated in her apartment due to the blocked furnace vent.

Country Oaks' policy contained a pollution exclusion nearly identical to the exclusion in the present case.  The question before the Fifth Circuit, much like the question before this Court, is whether a naturally appearing inert gas is a pollutant for the purposes of an insurance policy exclusion.  There, the underlying plaintiff's petition alleged that she encountered a strong enough concentration of carbon monoxide to cause severe and permanent injuries to her child.  *Id.* at *4. The Court decided the allegations involved a "pollutant" as defined by the policy.  *Id.*      The Circuit Court "explicitly rejected the argument that a substance must generally or usually act as an irritant or contaminant to constitute a 'pollutant' under the pollution exclusion."  *Id.* at *3.

In the present case, the Underlying Plaintiffs allege a concentration of argon case sufficient to cause death.  While argon gas appears naturally in the atmosphere without causing injury, the concentration allegedly present in the *Madeleine* was obviously much higher.[1]  In both the present case and in *Nautilus*, the key question is whether high concentrations of inert, naturally occurring gasses constitute a "pollutant" with regard to an insurance coverage policy. *Nautilus* decided this question in the affirmative.  In light of the *Nautilus* decision, this Court concludes dangerously elevated concentrations of argon are a pollutant as a matter of law in the context of an insurance policy exclusion.

Accordingly, the hazardous materials exclusion in the Specialty insurance policy excludes coverage for all damages related to the release of pollutants.  Judgment is granted for the Plaintiff Colony National Insurance Company.  Colony has no duty to defend or indemnify

---

[1] According to NASA, argon gas is the third most common gas in dry atmosphere, constituting slightly less than 1% of air by volume.

Specialty against the claims or potential claims made by the Underlying Plaintiffs arising out of

the incident occurring on the *Madeleine* on or about May 20, 2008.

      IT IS SO ORDERED.

Signed this 2nd day of June, 2009.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE